## Rosenberg  v.  Nathan  Benjamin,  Inc.

*Edward M. Snyder,* for plaintiff.
*David Berger,* for defendants.

SMITH, J., October 21, 1969.—

*Statement of the Issues*

1. Were any restrictions imposed by defendant corporation on the transferability of shares?

2. Was there an enforceable shareholder agreement restricting transferability of shares?

3. Is plaintiff entitled to registration of the transferred shares in his name?

4. Is plaintiff entitled to any damages for failure of the corporation to transfer pursuant to request?

## *Statement of the Facts*

Plaintiff is the holder and, by endorsement, the transferee of certificate no. 38 for 97½ shares of the stock of the corporation defendant, Nathan Benjamin, Inc. The certificate is registered in the name of Esta Rosenberg, once plaintiff's wife, since divorced, and now by remarriage, Esta Schlick (nee Benjamin). On November 25, 1968, she signed and dated an endorsement of the certificate to him as transferee. The certificate bears no notation of any restriction on transfer. Plaintiff seeks to compel registration of a new certificate in his name by the corporation defendant, his request for which has been refused.

Plaintiff testified the shares were sold him by his wife as one item of a division of property incident to their divorce, and that he had paid her $7,500 for them. Her testimony corroborated this. Plaintiff's request for registration of the shares in his name is resisted by defendants, individual and corporate, on the ground that an oral agreement was reached among all the stockholders of the corporation, some long years ago, providing that none of the stockholders might sell his shares to a buyer outside the Benjamin family without first offering them either to the corporation itself, or in the alternative, to other members of the family. The factual controversy in the case is whether or not such an agreement was ever made.

Plaintiff denied receipt of any knowledge at any time of the existence of such an agreement.

*Discussion*

In defense, defendants' testimony referred to a meeting where the agreement was entered into, and fixed the time of that meeting only generally, as subsequent to the death of Nathan Benjamin in 1954. He had been the founder of the business and sole stockholder of the corporation. His intestacy passed the stock in various proportions to his widow, Fay Benjamin, his son Bertram, and his three daughters, Marion (Goldenberg), Maxine (Lazovick), and Esta (Rosenberg, now Schlick). The meeting referred to was a family dinner, with the spouses of the four children present, together with some family friends.

Mr. and Mrs. Goldenberg, and Mr. and Mrs. Lazovick testified that at this meeting the subject of transfer of the Benjamin stock came up. Among these witnesses there was substantial agreement that a family friend and creditor, Benjamin Goldman, advocated the desirability of keeping the stock in family control, to be established by disposing of it only to other members of the family or back to the corporation. Esta Schlick flatly controverted this testimony, and stated that no such discussion was held. Bertram Benjamin died some years previous to the present litigation, and Mrs. Benjamin, the mother of the family, though living, was not in court.

Maxine Lazovick, Mrs. Schlick's sister, testified that she could not remember any meeting when an agreement restricting transfer of shares was arrived at, though she remembered the family dinner meeting, and Mr. Goldman's pointing out the advantages of such a restriction. She also testified that plaintiff never in her presence or hearing told of any restriction. On the testimony of all the witnesses, the discussion at the dinner meeting never reached such

questions as what recourse or alternative might be open to a stockholder if the corporation declined purchase of proffered shares, and there were no formalities engaged in at the gathering, nothing was reduced to writing, no minutes were kept, and no promise each for the promise of the others not to transfer stock out of the family was exacted.

Mrs. Schlick further was emphatic that no one had ever asked her not to sell outside the family. A quite plausible occasion for her to be told so, if any such restriction were a fact, developed in her brother's lifetime when she asked him about selling her stock to the corporation, but his only answer was that the business was short of money at the time and unable to purchase from her.

Richard Squire, Esq., counsel for Mrs. Schlick in her divorce proceedings, testified that in a meeting of husband and wife with him incidental to accomplishing a division of their property, plaintiff referred to his receiving these shares in his own right and name. Mr. Squire asserted he then told plaintiff of restrictions on their transfer. Mr. Squire, however, was not testifying of his own knowledge, having his understanding of the matter entirely from David Berger, Esq., counsel to the corporation. None of the testimony suggests any reason why Mr. Berger's knowledge should be closer to first-hand concerning the existence of any restriction than the knowledge of the Benjamin family members themselves, and Mr. Berger was not in court himself to speak to the point.

Plaintiff's testimony that he was never made aware by any person at any time of any restriction on transfer was, accordingly, corroborated by the other competent testimony on the point. Beyond that, however, the chancellor is unable, on all the testimony, to find as a fact that any such agreement ever came into existence. Nothing in the case, therefore, takes it out

of the effect of sections 8-204 and 8-401(1) of the Uniform Commercial Code.

Section 8-204 reads:

"Unless noted conspicuously on the security a restriction on transfer imposed by the issuer even though otherwise lawful is ineffective except against a person with actual knowledge of it."

Section 8-401(1) provides, inter alia:

"(1) Where a security in registered form is presented to the issuer with a request to register transfer, the issuer is under a duty to register the transfer as requested if

"(a) the security is indorsed by the appropriate person or persons (Section 8-308); and

"(b) reasonable assurance is given that those indorsements are genuine and effective (Section 8-402); and . . . .

"(e) the transfer is in fact rightful or is to a bona fide purchaser."

Section 8-401(2) provides:

"(2) Where an issuer is under a duty to register a transfer of a security the issuer is also liable to the person presenting it for registration or his principal for loss resulting from any unreasonable delay in registration or from failure or refusal to register the transfer."

Plaintiff here asserts a claim to the recovery of counsel fees and expenses incurred in this action to enforce registration of the shares in his name as "loss" under the quoted section. No authority is cited to the chancellor, and his independent research has unearthed none, for determining counsel fees and litigation expenses to be "loss," within the contemplation of the above language. The normal rule is that counsel fees and other outlays in litigation are recoverable only when expressly made so by statute: Jennings, Beale & Co. v. Beale, 146 Pa. 125.

## Conclusions of Law

1. The transferability of the shares of stock of Nathan Benjamin, Inc., represented by certificate no. 38 of that corporation is not restricted by any notation on the security itself.

2. The transferability of the 97½ shares of stock of Nathan Benjamin, Inc., represented by certificate no. 38 is not restricted by agreement made between the stockholders of the corporation.

3. No facts or circumstances communicated to plaintiff constitute notice to or knowledge by him of any such restriction on transferability.

4. Plaintiff is entitled to registration in his own name of the shares of stock represented by certificate no. 38 of Nathan Benjamin, Inc.

5. Plaintiff is not entitled to recover counsel fees or expenses borne by him in the prosecution of this action.

## DECREE NISI

Defendant, Nathan Benjamin, Inc., through its stock registrar or other appropriate officer, is directed, on tender by plaintiff of certificate no. 38 representing 97½ shares of the stock of Nathan Benjamin, Inc., to accept the surrender of that certificate and in exchange to issue him a new certificate or certificates registered in his name, representing his ownership of such shares of stock.